IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adam Potter<br>57 Willomere Circle<br>Riverside, CT 06878,<br>   and<br>Moxie HC, LLC<br>4343 Old Grand Avenue, Suite 110<br>Gurnee, IL 60031<br>    Plaintiffs,<br>v.<br>Cozen O'Connor<br>One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103,<br><br>Anne Blume, Esquire<br>2015 West School<br>Chicago, IL 60618,<br><br>   and<br><br>Anne M. Madonia, Esquire<br>One Liberty Place<br>1650 Market Street, 28th Floor<br>Philadelphia, PA 19103,<br>    Defendants. | Civil Action No. 2:20-cv-01825-NIQA |

**DEFENDANTS COZEN O'CONNOR, ANNE BLUME, AND ANNE M. MADONIA'S SUPPLEMENTAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants Cozen O'Connor, Anne Blume, and Anne M. Madonia hereby file this Supplemental Motion to Dismiss in accordance with the Order of the Court dated October 14, 2022, to request the Court to dismiss the Amended Complaint filed by Plaintiffs, Adam Potter and Moxie HC, LLC, because Plaintiffs lack standing to assert the claims in their Amended Complaint, under Rule 12(b)(6). Plaintiffs fail to state a claim upon which relief can be granted in Counts I, II, and III. For these reasons and as set forth in Defendants' Memorandum of Law

(herein incorporated by reference), the Court should grant this Motion and dismiss the Amended Complaint in its entirety.

Respectfully submitted,

COZEN O'CONNOR

*/s/ Brian P. Flaherty*
Brian P. Flaherty
1650 Market Street, Suite 2800
Philadelphia, PA 19103
*Attorney for Defendants Cozen O'Connor,
Anne Blume, and Anne M. Madonia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Adam Potter<br>57 Willomere Circle<br>Riverside, CT 06878,<br>   and<br>Moxie HC, LLC<br>4343 Old Grand Avenue, Suite 110<br>Gurnee, IL 60031<br><br>    Plaintiffs,<br><br>       v.<br><br>Cozen O'Connor<br>One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103,<br><br>Anne Blume, Esquire<br>2015 West School<br>Chicago, IL 60618,<br><br>   and<br><br>Anne M. Madonia, Esquire<br>One Liberty Place<br>1650 Market Street, 28th Floor<br>Philadelphia, PA 19103,<br><br>    Defendants. | Civil Action No. 2:20-cv-01825-NIQA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS COZEN O'CONNOR, ANNE BLUME, AND ANNE M. MADONIA'S SUPPLEMENTAL <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

This Memorandum is submitted in support of Cozen O'Connor's, Anne Blume's, and Anne M. Madonia's Supplemental Motion to Dismiss Plaintiffs' Amended Complaint.

**INTRODUCTION**

We start by a review of the history of the matter. This action was commenced in April 2020 with the filing of a Complaint by plaintiffs Adam Potter and Moxie HC, LLC against defendants Cozen O'Connor, Anne Blume, Anne Madonia and The Institutes.

An Amended Complaint was filed on July 15, 2020. That Complaint dropped The Institutes as a defendant, leaving only Cozen O'Connor, Anne Blume and Anne Madonia as defendants.

On July 29, 2020, Anne Blume filed a Motion to Dismiss for Lack of Personal Jurisdiction and on the same date all three defendants filed a Motion to Dismiss, raising a variety of grounds, including, but not limited to, a lack of standing on the part of either plaintiff to assert all of the claims made in the Complaint. (See ECF 16, 17.) Briefing on those Motions was concluded and on January 6, 2021, the Court dismissed the matter for lack of jurisdiction. (ECF 24, 25.) The Court explained in its January 6, 2021, Memorandum Opinion that under the substantive law of Pennsylvania the plaintiffs who brought this lawsuit lacked the standing necessary to assert the claims because those claims were owned by the corporations of which they were shareholders, *not* by the shareholders themselves. Therefore, the Court held, the plaintiffs did not allege a valid injury-in-fact and accordingly lacked standing to assert all of the claims made in the Amended Complaint. The Court further reasoned that because the lack of standing meant that there was no actual case or controversy, and thus the Court dismissed the matter pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction due to the absence of an actual case or controversy.

The plaintiffs appealed to the United States Court of Appeals for the Third Circuit which reversed the finding, *not* on the ground that there was standing to assert the claims as a matter of

substantive law, but on the ground that the dismissal for lack of standing under Rule 12(b)(1), as opposed to Rule 12(b)(6), was inappropriate.  The Court of Appeals explained its reasoning in an 18 page Opinion.  It said that the standing concept applicable to this case was not "jurisdictional" standing, but was "prudential" standing.  Therefore, it held, the case should not have been dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), and if it were to be dismissed for lack of standing, the proper rule under which to do so was 12(b)(6).

The Court remanded the case to this Court for further proceeding consistent with the ruling.

This Court then entered an Order, following the filing of a Joint Status Report, directing the Defendants to file a Supplemental Motion to Dismiss addressing whether the shareholders' allegations successfully state a claim under Federal Rule of Civil Procedure 12(b)(6) by November 14, 2022.  (ECF 33.)

Accordingly, defendants are filing this Motion renewing their Motion to Dismiss for lack of standing and addressing the question of whether or not the shareholders' allegations successfully state a claim under Rule 12(b)(6).

**ARGUMENT**

The Motions originally filed by the defendants included the following.

- A Motion filed by all of the defendants to dismiss for lack of standing. (ECF 17)

- A Motion to Dismiss the case for failure to state plausible claims under all the counts for other reasons. (ECF 17)

- A Motion to Dismiss plaintiff Moxie because it has been discontinued and lacks the capacity to bring this lawsuit. (ECF 17)

- A Motion to Dismiss filed by Defendant Anne Blume for Lack of Personal Jurisdiction.  (ECF 16)

As noted above, this court dismissed the entire matter for lack of subject matter jurisdiction, and the other motions were not ruled upon because they were moot due to the lack of subject matter jurisdiction found by the Court under Rule 12(b)(1).

Defendants believe that the Court should dismiss the entire matter now for lack of standing under Rule 12(b)(6), but if it does not do so then defendants request the court to address the other motions as well.  Those motions will not be refiled unless the court so directs, and defendants rely on the motions and briefs already submitted.

In this motion we will confine ourselves to the issue of whether the lack of standing noted by the Court in the January 2021 ruling should lead to the dismissal of the case under Rule 12(b)(6).

We will also note that on the issue of personal jurisdiction raised by Ms. Blume, that issue has already been addressed by the Philadelphia County Court of Common Pleas, which found that Pennsylvania cannot extend  long arm jurisdiction over Anne Blume.  Should the Court reach that issue, plaintiffs are collaterally estopped from re-litigating it and Ms Blume should be dismissed.

**1.       The Court Should Dismiss the Case in Its Entirety under Rule 12(b)(6) for Lack of Standing**

The Rule actually invoked by the Defendants in the initial Motion to Dismiss was Rule 12(b)(6), not Rule 12(b)(1).  And Defendants believe that each and every one of the arguments that they made back when the Motion was initially filed were addressed to Rule 12(b)(6).  In its Memorandum Opinion of January 6, 2021, this Court found that under the substantive law of the Commonwealth there was a lack of standing to assert a claim, because, as the Court explained in a detailed Memorandum, the *only* harm alleged to have befallen any entity as a consequence of the alleged misdeeds of the defendants was felt by corporations not party to the suit.  The Court's

4

analysis of the contents of the Amended Complaint was extensive and clear.  It found *no injury* of any kind that has been alleged to have been suffered by either Plaintiff.

Defendants believe that analysis and that reasoning was 100% correct, for all of the reasons stated in the Memorandum Opinion itself, and for those reasons the shareholders' allegations do not successfully state a claim under Federal Rule of Civil Procedure 12(b)(6).  All of the reasons for that are laid out in the Memorandum filed in support of the Motion to Dismiss and in the Reply Memorandum in which the applicable law and its application to the factual allegations in the Complaint were laid out in detail.

The Third Circuit did not disagree.  It just felt that 12(b)(1) was not the proper rule under which the case should be dismissed, but it expressed no opinion as to whether dismissal was appropriate under Rule 12(b)(6).  Toward the end of the Opinion, in a section entitled "Scope of Remand", the Court of Appeals suggested that it was possible that there could be a difference between the analysis of standing under Rule 12(b)(1) as opposed to under Rule 12(b)(6).

First, the Court suggested that there might be a difference in the burden of persuasion as to subject matter jurisdiction as opposed to prudential standing.  (See Court of Appeals Opinion at p. 16.)  That makes no difference whatsoever.  There is either standing or not under the allegations of the Complaint and whether or not the plaintiffs or the defendants have the burden of persuasion makes no difference.  If one looks at the allegations of the Complaint, there is simply no way to read it to find *any* damages whatsoever alleged to have been suffered by any of the plaintiffs, just as this Court found.

Second, the Court of Appeals said, this Court "may not have grappled with the specific allegations in the Complaint that Potter argues establish a personal injury to him, based upon an

5

alleged independent attorney client relationship and its attendant breach of duties that would not be subject to the shareholder standing rule" (See Court of Appeals Opinion at 16.).

But this Court *did* consider that issue. This Court stated, after reviewing the allegations of the Complaint, as follows:

> Notably, with respect to the harm allegedly suffered, plaintiffs point *solely* to the difference in the true value of the Companies and the purchase price stated in the Asset Purchase Agreement.

See, January 6, 2021 Memorandum Opinion, pp. 3-4. (Emphasis added.)

The Court went on later:

> "As set forth above, in the amended complaint (and in their response to the underlying motion), Plaintiffs point solely to the alleged "difference in the true value of the Companies and purchase price stated in the Asset Purchase Agreement" as their injury-in-fact… Specifically, Plaintiffs allege that they "suffered monetary losses and the millions of dollars represented by the deficit in the set purchase price and the true value of the Companies on the date of sale plus $344,951 in losses associated with resolution of the dispute over the value of the installment payments…" … Pursuant to clear terms of the Asset Purchase Agreement, however, the purchase price (including the subsequent installment payments) was to be paid *to the Companies,* which were selling their assets to The Institutes. As such the only injury-in-fact alleged in the amended complaint is an injury to be suffered by the Companies themselves.

See, January 6, 2021 Memorandum Opinion, pp.5-6.

Thus, the Court explained, under Pennsylvania law a shareholder does not have standing to seek recovery of a harm peculiar to the corporation and that is *only* indirectly injurious to the shareholder."

The Third Circuit suggested that perhaps there was an exception to the shareholder standing rule under substantive law where a shareholder with a "direct personal interest in a cause of action may bring a suit even if the corporation's rights are also implicated" citing

6

*Franchise Tax Board of California v. Alcan Aluminum Limited,* 493 U.S. 331, 336 (1990).  (See, Court of Appeals Opinion, p. 17.)

But here is the point:  A review of the *Franchise Tax* opinion shows that in that case, unlike here, there actually *was* some additional, and different harm suffered by the shareholders in addition to the harm allegedly suffered by the corporation.  It was not some abstract interest, but a "direct, personal interest" of a shareholder that existed in addition to the corporation's rights sought to be vindicated.  Here, there is no such allegation, not even a whiff of one.  This Court looked extensively at the Amended Complaint and concluded after an exhaustive analysis that there was no harm alleged  -- direct or indirect, personal or not -- other than the harm to the non-party corporations.  That ends the matter, under Rule 12(b)(6).

      **2.**      **The Court Should Dismiss the Complaint as Against Defendant Anne Blume for Lack of Personal Jurisdiction.**

Since this Court dismissed this case in January 2021, another lawsuit was begun in the Court of Common Pleas making many of the same allegations and Ms. Blume made a Motion to Dismiss for Lack of Personal Jurisdiction in that case.  There, Ms. Blume challenged personal jurisdiction and she was successful in making that motion for dismissal for lack of personal jurisdiction.  For that reason, that issue was resolved as a matter of collateral estoppel regarding Ms. Blume.  This Court should, whether or not it grants the motion to dismiss for lack of standing also or in the alternative dismiss Ms. Blume for lack of personal jurisdiction.  (A copy of the Order and Opinion by which the Court of Common Pleas so ruled is attached hereto as Ex. "A".)

It is clear that the finding of the Philadelphia County Court of Common Please as to the lack of personal jurisdiction of Anne Blume collaterally estops plaintiffs here from re-litigating that issue.  As noted in *Wallace v. Keystone Printed Specialties Co*., Civil Action No. 14-5978

(ES) (MAH), 2016 U.S. Dist. LEXIS 132189, at *17-18 n.3 (D.N.J. Sep. 27, 2016), " . . .Third Circuit cases and other courts within this Circuit have recognized that an order finding a lack of personal jurisdiction may be considered final for purposes of collateral estoppel. See, e.g., *Kitces v. Wood*, 917 F. Supp. 338, 341 (D.N.J. 1996) ("The doctrine of collateral estoppel, or issue preclusion, forecloses Plaintiff from prosecuting in this Court an action which is identical to the action dismissed by the Superior Court of New Jersey for lack of personal jurisdiction."); *Saudi v. Acomarit Maritimes Servs., S.A.,* 114 F. App'x 449, 454 (3d Cir. 2004) ("It is possible that issue preclusion[] might bar Saudi's Rule 4(k)(2) action. Issue preclusion may apply to non-merits judgments which are conclusive as to those matters actually adjudged." (footnote omitted)); *Brodak v. McClain*, No. 06-146, 2007 U.S. Dist. LEXIS 6426, 2007 WL 319993, at *4 (W.D. Pa. Jan. 30, 2007) ("Although the doctrine of collateral estoppel is generally discussed as applying after a final judgment on the merits, it may also be applicable to orders finding a lack of personal jurisdiction")." See also *Strassman v. Essential Images*, No. 2:17-cv-4227-KM-JBC, 2018 U.S. Dist. LEXIS 39889 (D.N.J. Mar. 9, 2018)

## **CONCLUSION**

For all of the foregoing reasons, this Court should dismiss the case for lack of standing pursuant to Rule 12(b)(6) for all of the reasons actually enumerated in the ruling pursuant to which the Court dismissed the case for lack of standing under Rule 12(b)(1).  There is simply no harm of any kind alleged to have been suffered by plaintiffs.  In the event the Court decides not to do so, the Court should dismiss the entire case on the other grounds raised in the original motion to dismiss.

SIGNATURE BLOCK APPEARS ON THE NEXT PAGE

9

 

        Respectfully submitted,
        COZEN O'CONNOR


        */s/ Brian P. Flaherty*
        Brian P. Flaherty, Esquire
        One Liberty Place
        1650 Market Street, 28th Floor
        Philadelphia, PA 19103
        *Attorney for Defendants Cozen O'Connor,*
        *Anne Blume, and Anne M. Madonia*

## CERTFICATE OF SERVICE

I, Brian P. Flaherty, Esquire, do hereby certify that on this 14th day of November, 2022, I served a true and correct copy of Defendants Cozen O'Connor, Anne Blume and Anne M. Madonia's Supplemental Motion to Dismiss Plaintiffs' Amended Complaint, through the Court's electronic filing system, upon Counsel for Plaintiffs:

Clifford E. Haines, Esquire
Haines & Associates
The Widener Building, 5th Floor
1339 Chestnut Street
Philadelphia, PA  19107
*Attorneys for Plaintiffs*

                                                           */s/ Brian P. Flaherty*

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| VACATION INSPIRED GROUP, INC. f/d/b/a CLM GROUP, INC. and SHORT RIDE, LLC f/d/b/a CLAIMS PAGE, LLC,<br>*Plaintiffs*,<br>v.<br>COZEN O'CONNOR, ANNE BLUME, ESQUIRE and ANNE MADONIA, ESQUIRE,<br>*Defendants*,<br>v.<br>ANDREAS PAPANTONIOU, ESQUIRE,<br>*Additional Defendant.* | JUNE TERM, 2021<br><br>No. 2376<br><br>CONTROL No. 21083103<br>22025340<br><br><br>COMMERCE PROGRAM |

**ORDER**

AND NOW, this 30th day of June, 2022, upon consideration of the preliminary objections to Plaintiffs' Complaint and to Defendants' Joinder Complaint, the responses thereto, and all other matters of record, it is hereby **ORDERED** as follows:

1. The preliminary objections are sustained.

2. Anne Blume is dismissed from this action.

3. The joinder complaint is dismissed.

BY THE COURT:

NINA WRIGHT PADILLA, J.

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| VACATION INSPIRED GROUP, INC. f/d/b/a CLM GROUP, INC. and SHORT RIDE, LLC f/d/b/a CLAIMS PAGE, LLC,<br><br>*Plaintiffs*,<br>v.<br><br>COZEN O'CONNOR, ANNE BLUME, ESQUIRE and ANNE MADONIA, ESQUIRE,<br><br>*Defendants*,<br>v.<br><br>ANDREAS PAPANTONIOU, ESQUIRE,<br><br>*Additional Defendant*. | JUNE TERM, 2021<br><br>No. 2376<br><br>CONTROL No. 21083103<br>                   22025340<br><br><br>COMMERCE PROGRAM |

OPINION

**I.**    **Introduction.**                                             **June 30, 2022**

Before the court are two sets of preliminary objections as to personal jurisdiction; one from Defendant Anne Blume, and one from Additional Defendant Andreas Papantoniou, objecting to the joinder complaint. For the reasons which follow, the court sustains the preliminary objections and dismisses both individuals from the action.

This matter arises from a transaction in which assets were sold by Plaintiff entities (situated in Florida) to non-party The Institutes. Plaintiffs allege that they and Adam Potter, who owned the entities, were negligently advised by Defendants Cozen O'Conner, Anne Blume, and Anne Madonia regarding the transaction; that the defendants had a conflict of interest because Cozen attorneys advised both parties to the transaction. Specifically, Plaintiffs allege that

defendants did not advise them to get the assets independently valued, and that the sale price was therefore much less than they could have otherwise expected to receive.

## II. Discussion.

The Commonwealth of Pennsylvania, (Pennsylvania), can maintain personal jurisdiction over a non-resident if it is conferred by Pennsylvania's long-arm statute, 42 Pa. C.S.A § 5322, and if it meets the due process requirements of the United States Constitution.[1]

The "extent to which jurisdiction is proscribed by the Due Process Clause is dependent upon the nature and quality of the defendant's contacts with the forum state....[w]here a defendant 'has established no meaningful contacts, ties or relations' with the forum, the Due Process Clause prohibits the exercise of personal jurisdiction.....However, where a defendant has 'purposefully directed' his activities at the residents of the forum, he is presumed to have 'fair warning' that he may be called to suit there."[2]

Jurisdiction over a non-resident can be general or specific. "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State."[3] The Supreme Court has held that general jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[4]

Meanwhile, a forum may assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[5] One of the bases of

---

[1] Maleski by Taylor v. DP Realty Tr., 653 A.2d 54, 61–62 (Pa. Commw. Ct. 1994).
[2] Mendel v. Williams, 2012 PA Super 171, 53 A.3d 810, 817 (2012); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985).
[3] Daimler AG v. Bauman, 571 U.S. 117, 127, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624 (2014).
[4] Id.
[5] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472–73, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985).

jurisdiction in the long-arm statute is "causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth."[6]

### a. This court lacks personal jurisdiction over defendant Anne Blume.

Plaintiffs argue that Blume's status as a managing partner in the Chicago, Illinois office of Defendant Cozen creates general jurisdiction over her in Pennsylvania. The court cannot agree. No evidence has been presented of continuous or systematic contact with Pennsylvania that would create general jurisdiction. According to the discovery produced, Blume has been to Pennsylvania three times within ten months during her time as managing partner for the Chicago office. She has not worked on a Pennsylvania transaction or for a client in Pennsylvania within the past four years. She has never filed a tax return in Pennsylvania. Her mere status as a partner in a firm based in Pennsylvania is not sufficient to give rise to general jurisdiction over her.

This court also lacks specific jurisdiction over Blume. The tortious acts that Plaintiffs allege were committed by Blume were not done in or directed toward Pennsylvania. The allegations are that Blume, a resident of Illinois, provided advice to Adam Potter, a resident of Connecticut, regarding the sale of the Florida assets to the Institutes, which are headquartered in Pennsylvania. These cannot reasonably be understood as acts directed toward Pennsylvania. The fact that a Pennsylvania non-party entity may have benefited from these acts is not enough to create jurisdiction.

Moreover, the harm allegedly caused by her acts or omissions was not to any Pennsylvania person or entity. Any harm was felt in either Connecticut (where Potter resides) or Florida (where the assets were located). Accordingly, the preliminary objections as to jurisdiction are sustained, and Blume is dismissed from this Action.

---

[6] 42 Pa. Stat. and Cons. Stat. Ann. § 5322 (West).

### b. This court lacks personal jurisdiction over joinder defendant Andreas Papantoniou.

The Cozen defendants filed the instant joinder complaint to join Papantoniou, who was retained by Potter in connection with the sale to the Institutes. Papantoniou is a New York resident, and there are no allegations of continuous and systematic contacts with Pennsylvania sufficient to give rise to general jurisdiction. Instead, Cozen defendants argue that his work for Plaintiffs in reviewing the contract constitutes purposeful availment of the privilege of conducting activities in Pennsylvania. The court cannot agree. Papantoniou's contacts with Pennsylvania are, if anything, even more attenuated than Blume's.

Cozen argues that Papantoniou was retained by Plaintiffs to represent them in the transaction by which they sold the assets to the Institutes, and that this would constitute transacting business in Pennsylvania. However, there are no allegations of the kind of continuous, systematic contacts with Pennsylvania that would give rise to jurisdiction.

"[W]ith respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities."[7] Papantoniou's alleged actions do not meet this standard.

Papantoniou is a New York resident who allegedly represented a Connecticut resident on the sale of Florida assets to a Pennsylvania purchaser. His actions were directed toward Connecticut or Florida, as were Blume's. Nor was any alleged harm directed at Pennsylvania; the harm would have been felt by Connecticut or Florida residents.

---

[7] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985).

Cozen argues that jurisdiction must be based on the allegations contained in the complaint, and that extrinsic evidence is not permissible. While this is true regarding preliminary objections in general, "[w]hen a defendant challenges the court's assertion of personal jurisdiction, that defendant bears the burden of supporting such objections to jurisdiction by presenting evidence. Thus, where the issue of personal jurisdiction is raised, it is contemplated that affidavits or other evidence will be presented."[8] Papantoniou presented evidence in the form of an affidavit from Potter, stating that Potter had retained Papantoniou to review the APA and negotiate the technical aspects of the deal and how post-closing disputes would be handled, if any were to arise." He further affirms that Papantoniou was retained by him individually and not to provide services on behalf of any companies. This does not constitute the kind of contact with or reaching out to Pennsylvania that creates jurisdiction.

### III.  Conclusion.

For all the reasons discussed supra, the preliminary objections are sustained. Anne Blume is dismissed from this action. The joinder complaint is dismissed.

BY THE COURT:

NINA WRIGHT PADILLA, J.

---

[8] Calabro v. Socolofsky, 2019 PA Super 75, 206 A.3d 501, 507–08 (2019).